**In re Teddy Joe COLLINS, Debtor.**

**Bankruptcy No. 89–3209–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 15, 1991.

Gregory K. Crews, Jacksonville, Fla., for debtor.

Raymond Magley, Jacksonville, Fla., for World Omni Financial Corp.

Alexander G. Smith, Jacksonville, Fla., trustee.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon the debtor's objection to claim three filed

by World Omni Financial Corporation ("World Omni"). Upon the evidence presented, the Court enters the following findings of fact and conclusions of law:

## Findings of Fact

Debtor was president of Carolina Isuzu, Inc. ("Carolina Isuzu"), a North Carolina car dealership.

On December 19, 1988, Carolina Isuzu and World Omni entered into a floor plan security agreement, by which World Omni agreed to finance the acquisition of motor vehicles and pay the manufacturers, distributors, or sellers on behalf of Carolina Isuzu. Carolina Isuzu 1) agreed to pay to World Omni, from the proceeds of the sale of each vehicle, the amount which World Omni had advanced and 2) granted World Omni a security interest in the acquired vehicles as well as the proceeds from any sale of the vehicles.

Carolina Isuzu also delivered a promissory note to World Omni in the amount of $1,500,000.00 by which Carolina Isuzu agreed to repay to World Omni all amounts advanced to Carolina Isuzu under the security agreement. Debtor executed a guaranty, personally guaranteeing Carolina Isuzu's obligations to World Omni under the security agreement and note.

In May, 1989, Carolina Isuzu defaulted on the security agreement and note and, on June 12, 1989, filed a Chapter 11 petition in the United States Bankruptcy Court for the Western District of North Carolina. The case was subsequently converted to Chapter 7.

On October 20, 1989, debtor filed a chapter 7 petition in this jurisdiction.

At the time of this filing, debtor owed World Omni 1) $318,415.00 for vehicles sold by Carolina Isuzu out of trust, 2) $66,334.56 for a deficiency resulting from the resale of 62 vehicles recovered from Carolina Isuzu, 3) $60,156.81 for pre-petition interest, and 4) $28,573.20 for attorneys' fees and expenses incurred enforcing the security agreement, note, and guaranty, for a total debt of $473,479.57.

Since the petition date, World Omni has received $17,000.00 from Lynette Collins and $19,318.00 from the estate of Carolina Isuzu; accordingly, the debt has been reduced to $437,161.00.

Debtor argues that World Omni is barred from recovering its $66,334.00 deficiency claim because it did not give debtor notice of the time and place of the resale pursuant to Florida Statutes § 679.504(3). World Omni contends that the claim is valid because debtor waived his right to notice of the sale in the guaranty and, in any event, the vehicles were resold at market value.

## Conclusions of Law

 The factors considered in determining the law applicable to a contract of guaranty are, generally, the place where 1) the guaranty was executed, 2) the guaranty was to be performed, and 3) the guaranty and loans to be guaranteed were accepted. *Citibank, N.A. v. Benkoczy*, 561 F.Supp. 184, 186 (S.D.Fla.1983). In this case, the entire transaction took place in North Carolina. Specifically, the security agreement, note, and guaranty were executed by debtor and accepted by World Omni in North Carolina and were to be performed in North Carolina. Therefore, the law of North Carolina governs the resolution of this contested matter.

 North Carolina General Statute § 25-9-504 controls a secured party's right to dispose of collateral after default and the effect of such a disposition. The relevant portion reads as follows:

(3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any

private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale....

Thus, under North Carolina law a "debtor" may only waive the notice requirement in writing after the default has occurred.

North Carolina cases distinguish between a "debtor" and a guarantor, holding that a guarantor is not entitled to notice under U.C.C. § 9–504(3) if he waives that right in the guaranty agreement. *Borg–Warner Acceptance Corp. v. Johnston,* 97 N.C.App. 575, 389 S.E.2d 429, 433–34 (1990).

In *Borg–Warner,* a hotel entered into a security agreement with the plaintiff. The defendants guaranteed the debt and waived their right to a "commercially reasonable sale" in the written guaranty. The hotel filed a chapter 7 petition. The plaintiff filed an action to collect on the guaranty. The defendants argued that the plaintiff was not entitled to a deficiency judgment because the sale was not "commercially reasonable" under U.C.C. § 9–504. The court held that the guarantors had waived their right, and were not entitled to assert any defenses under § 9–504, stating:

> While it is true that a *debtor* may not waive his entitlement to a commercially reasonable disposition of his collateral by a secured creditor, G.S. 25–9–501, a *guarantor* may contractually waive his right to a commercially reasonable disposition of the debtor's collateral. *Id.* 389 S.E.2d at 433.

In this case, World Omni may recover its deficiency claim because debtor waived his right to receive notice of the sale in the written guaranty which states in pertinent part:

> We further agree to be bound by and on demand to pay any *deficiency* established by a sale of paper or security held, with or *without notice* to us, together with reasonable attorneys' fees and costs (emphasis added).

Under North Carolina law, the waiver of notice by debtor, as a guarantor, was effective and World Omni was not required to give notice prior to the sale.

Accordingly, debtor's objection to claim 3 is sustained in part and overruled in part. The objection is sustained to the extent that payments were received by World Omni by third parties, reducing the total amount owed. The objection to the allowance of the deficiency amount is overruled pursuant to North Carolina case law.

A separate order will be entered in accordance with these findings of fact and conclusions of law.